CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 0 6 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LUIS ANTONIO ROSA, | ) | |
| Plaintiff, | ) | Civil Action No. 7:07-cv-00519 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| BOWKER, ET AL. | ) | By: Hon. James C. Turk |
| Defendant(s). | ) | Senior United States District Judge |

Plaintiff Luis Antonio Rosa, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343.[1] In his complaint, Rosa alleges that officers at Green Rock Correctional Center in Chatham, Virginia, violated his constitutional rights when they falsely charged him with fighting, housed him in segregated confinement without a hearing, and caused him to lose his prison job without a hearing. Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted.[2]

I

Rosa alleges the following sequence of facts from which his claims arise. On September 6, 2007, he and two other inmates began "horseplaying." Officers seeing the activity believed it to be an altercation and disregarded the inmates' explanation that they were only "playing around." The officers "arrested" the inmates and took them to the special housing unit (SHU). Rosa complains

---

[1] Plaintiff originally filed his action in the United States District Court for the Eastern District of Virginia. It was transferred here because the defendants are located in this district.

[2] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

1

that his cell in the SHU was not clean and while there, he received used socks. He was also charged with a disciplinary infraction and lost his prison job. He did not have any warning or a hearing before these privileges were taken away. As relief in this action, Rosa seeks reinstatement to his job and expungement of the disciplinary charge from his record.

II

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). When a defendant is lawfully convicted and confined to jail, he loses a significant interest in his liberty for the period of the sentence. Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Nevertheless, confinement does not strip inmates of all liberty interests, and state prison regulations may create liberty interests. Id. Such liberty "interests will be generally limited to the freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). A state's failure to abide by its own procedural regulations before imposing disciplinary segregation or another less than favorable housing assignment is not a federal due process issue, Riccio v. County of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir.1990), and is, therefore, not actionable under § 1983.

The United States Court of Appeals for the Fourth Circuit has held that confining segregation inmates for more than six months in conditions much worse than those plaintiff alleges was insufficient to create any federally protected liberty interest in avoiding such conditions. Beverati

2

v. Smith, 120 F.3d 500, 504 (4th Cir. 1997). The Beverati segregation inmates complained of no outside recreation, no clean clothes, less food, and cells infested with vermin and smeared with urine and feces. Id. Such dire conditions were not so atypical as to create a liberty interest in avoiding segregation status so as to mandate federal due process protections before an inmate could be moved to segregation.

Under these principles, Rosa's allegations regarding his transfer to the SHU fail to state any actionable due process claim. He does not allege that conditions were any worse than they might have been in a general population cell—he merely alleges that the cell was dirty and he received used socks. These conditions were not sufficiently "atypical" hardship so as to create a federally protected liberty interest in avoiding the SHU. Therefore, Rosa fails to allege facts indicating that he has any federal due process claim regarding the alleged lack of notice or a hearing regarding his assignment to the SHU. If state officials failed to comply with prison regulations governing SHU assignment, such violations of state law are not actionable under § 1983. Moreover, Rosa does not allege that he was denied a full opportunity in the disciplinary hearing to be heard on his argument that what the officers saw as fighting was actually only horseplay; nevertheless, the officers clearly had "some evidence" (their own observations of Rosa's behavior) on which to find that Rosa's actions had violated prison rules. See Superintendent v. Hill, 472 U.S. 445, 456 (1985) (finding that relevant question in prison disciplinary hearing "is whether there is any evidence in the record that could support the conclusion reached" by the hearing officer).

Inmates also have no constitutional right to job opportunities while incarcerated. See, e.g., Gibson v. McEvers, 631 F.2d 95, 98 (7th Cir.1980). Since inmates have no independent constitutional right to a prison job, prison officials may generally terminate an inmate from his job

3

for any reason without offending federal due process principles. See Bulger v. United States Bureau of Prisons, 65 F.3d 48, 49 (5th Cir. 1995) (applying Sandin). Courts of appeals consistently have held that an inmate's expectation of keeping a specific prison job does not implicate a protected property interest. See, e.g., Coakley v. Murphy, 884 F.2d 1218, 1221 (9th Cir.1989) (holding that inmates have no protected property interest in continuing in work-release program). Because Rosa had no expectation of maintaining his prison job indefinitely, his loss of that job does not implicate any federal due process principles; as such, he had no federal right to notice or a hearing before he was terminated from the job. Moreover, to the extent that prison officials failed to follow some prison regulation regarding prisoners' jobs, such violations are not actionable under § 1983.[3]

III

For the stated reasons, the court finds that Rosa has failed to allege facts stating any constitutional claim. Therefore, the court will dismiss the entire complaint without prejudice, pursuant to §1915A(b)(1). To the extent that Rosa may be alleging related claims under state law, the court declines to exercise supplemental jurisdiction over such claims, pursuant to 28 U.S.C. § 1367(c), and will dismiss them without prejudice. An appropriate order shall be entered this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

---

[3]The court declines to exercise supplemental jurisdiction over any related state law claims, pursuant to 28 U.S.C. § 1367(c).

4

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 6th day of November, 2007.

/s/ James C. Turk
Senior United States District Judge